# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2414MN

_____

Northern States Power Company,        *
doing business as Xcel Energy,        *
a Minnesota corporation,              *
                                      *
                                      *
          Appellee,                   *
                                      *   On Appeal from the United
                                      *   States District Court
     v.                               *   for the District of
                                      *   Minnesota.
                                      *
Federal Transit Administration, an    *
administration of the United States   *   [To Be Published]
Department of Transportation; Elwyn   *
Tinklenberg, Commissioner of          *
Transportation, individually and      *
officially; Minnesota Metropolitan    *
Council; and State of Minnesota,      *
                                      *
                                      *
          Appellant.                  *

_____

Submitted: October 18, 2001
Filed:  November 2, 2001

_____

Before BOWMAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

This is an appeal from an order of the District Court[1] granting a preliminary injunction. The injunction, granted on the basis of a counterclaim filed by the defendants (based on Minnesota law), orders the plaintiff, Northern States Power Company, doing business as Xcel Energy, to relocate, at its own expense, certain underground power lines and related facilities. The facilities in question are located under Fifth Street and east of Nicollet Avenue in downtown Minneapolis, and are to be relocated in connection with the construction of a Light Rail Transit project sometimes called Hiawatha. Xcel brought this suit in the District Court, alleging various violations of federal law, but the mandatory preliminary injunction was issued on the state-law counterclaim.

Our review is limited in this procedural posture of the case. As to findings of fact, we may reverse only if we hold the findings clearly erroneous. On the basis of the preliminary record before us, we see no clearly erroneous finding. The District Court has found that the work it has ordered can be carried out safely and properly before a February 2002 deadline. The issues are contested, but the District Court's findings are not clearly wrong on the basis of the record before us. In addition, with respect to the major issue of law in the case, whether state law authorizes the defendant Minnesota Department of Transportation (MnDOT) to require Xcel to do this work at its own expense, we conclude, as the District Court did, that MnDOT and the other state defendants, including the State of Minnesota, are likely to prevail on the merits. The case is set for trial in March of 2002. Our conclusions are necessarily tentative, as the District Court explained in its opinion, but for the present we are satisfied that that Court properly assessed the likelihood of success. The main claims asserted in the complaint, based on federal law, will also have to be dealt with, of course, before the merits are finally decided, but the plaintiff, which is the appellant

---

[1]The Hon. John R. Tunheim, United States District Judge for the District of Minnesota.

here, has not suggested that its likelihood of prevailing on these claims is sufficiently great to justify a reversal of the preliminary injunction.

The work that the District Court has ordered is taking place. Xcel moved this Court for a stay of the preliminary injunction pending appeal, but we denied the motion, subject to an early setting of the case for oral argument, which has occurred. The parties need to know where they stand. Time is important. Accordingly, we file this opinion affirming the preliminary injunction without extended discussion.

We also believe that the District Court acted within its discretion in weighing the equities in this matter, with one exception. The Court required only a $50,000 bond of the defendants, which is a token amount in the circumstances of this case. The issues involved are, principally, two: whether the State has the authority to order relocation, and, if so, whether the relocation must be at the expense of Xcel. The second issue will remain to be decided even if the entire relocation work has been accomplished by the time the trial takes place. Although the State defendants are likely to prevail on this issue, this is by no means certain. We think the equities require a much more substantial bond.

In setting the bond at only $50,000, the District Court observed that "[i]f plaintiff is found to have been wrongfully enjoined, the Court has no concern regarding defendants' ability to pay costs and damages." Northern States Power Co. v. Federal Transit Administration, Civil No. 01-295, slip op. 31 n.11 (D. Minn., May 24, 2001). Ordinarily, we would accept this judgment. We do not question either the solvency or the honor of the State of Minnesota, or of any of the state agencies made defendant in this case. However, at the oral argument, substantial uncertainties developed about where the money would come from if the State ultimately had to reimburse the plaintiff for the work. We think this issue should be faced now. Plaintiff estimates the cost at $8 to $10 million. The Hiawatha Project

Office estimates $4 to $6 million.[2]  In the circumstances, it is our firm view that a more substantial bond should be required, in the amount of $8,000,000, to protect plaintiff against financial loss in the event it should ultimately prevail on the question of who must pay for the work.

Accordingly, the order of the District Court is affirmed, except that the order is modified to require that the State defendants, some or all of them, must post a bond in the amount of $8,000,000, for the protection of the plaintiff in the event that the ultimate determination of law, either by the District Court or by this Court, is that plaintiff was not obligated to pay for this work, but rather ought to be reimbursed by the State of Minnesota or one of its agencies.  The bond should be submitted to the District Court and is subject to approval as to form by that Court.

In accordance with this opinion, the order granting a preliminary injunction is affirmed, as modified.  The case is remanded to the District Court for further proceedings, as necessary, consistent with this opinion.  We direct that our mandate issue forthwith.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]These numbers come from a letter jointly submitted to the defendant Metropolitan Council by representatives of Xcel Energy and MnDOT.  II Joint Appendix 643.